UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANN ELLIS,

       Plaintiff,

  v.

ST. CLAIR COUNTY,

       Defendant.

Case No. 23-cv-2592-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of defendant St. Clair County, Illinois, to dismiss plaintiff Ann Ellis's Second Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) or, in the alternative, for a more definite statement pursuant to Rule 12(e) (Doc. 30). Ellis has responded to the motion (Doc. 33). The Court will deny the motion because Ellis's Second Amended Complaint pleads sufficient facts to plausibly suggest she has a right to relief from the County.

**I.    Background**

Ellis is an employee of the St. Clair County Emergency Management Administration ("EMA"), a subdivision of the County. In her Second Amended Complaint (Doc. 27), Ellis asserts that she was not paid for breaks she could not take and was not paid one and one-half times her normal rate of pay when she worked more than forty hours a week. She sues the County because she believes the alleged conduct violates § 7(a)(1) of the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1) (Count I), and § 4a(1) of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. (Count II). The County asks for dismissal on the grounds that Ellis fails to plausibly state a claim for relief or, in the alternative, to make Ellis state additional facts such as specific timeframes of unpaid overtime worked, alleged amounts of unpaid overtime, and who

the plaintiff communicated with about the situation.

## II. Applicable Standards

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *Bell Atl.*, 550 U.S. at 561-63; *Concentra Health Servs.*, 496 F.3d at 777. Now "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to

relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). A complaint still need not contain detailed factual allegations. *Bell Atl.*, 550 U.S. at 555. Nevertheless, it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 550 U.S. at 555. If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal. *Airborne Beepers*, 499 F.3d at 667; *see, e.g., Kaminski*, 8 F.4th at 776-77.

Where a defendant thinks a complaint is too vague or ambiguous for it to respond intelligently or for the Court to handle the litigation effectively, it may move for a more definite statement under Federal Rule of Civil Procedure 12(e); *see Shuhaiber v. Ill. Dep't of Corr.*, 980 F.3d 1167, 1170 (7th Cir. 2020). Under that rule, it is within the Court's discretion whether to order a party to provide a more definite statement, although such motions are not favored in view of the liberal federal pleading standards discussed above. *Lucas v. Blankenship Constr. Co.*, No. 22-cv-56-JPG, 2023 WL 7300216, * 1 (S.D. Ill. Nov. 6, 2023). More definite statements are most often reserved for complaints that are unintelligible, not those that simply lack detail. *See, e.g., American Nurses' Ass'n v. State of Ill.*, 783 F.2d 716, 726 (7th Cir. 1986); *Stepp v. Covance Cent. Lab. Servs., Inc.*, 931 F.3d 632, 634 (7th Cir. 2019) (noting that if a complaint were indecipherable, defendant could have sought a more definite statement); *Moore v. Fidelity Fin. Servs.*, 869 F. Supp. 557, 559-60 (N.D. Ill. 1994); *FDIC v. Wise*, 758 F. Supp. 1414, 1418 (D. Colo. 1991). Discovery is a more appropriate vehicle for fleshing out the details of a case. *See*

*Moore*, 869 F. Supp. at 560.  Furthermore, courts are not receptive to such motions if the details sought could easily be obtained by the defendant.  *See* 2 James W. Moore *et al.*, *Moore's Federal Practice* ¶ 12.36[3] (3d ed. 2005).

**III.    Analysis**

Having carefully reviewed Ellis's Second Amended Complaint, the Court concludes that her pleading is far from undecipherable or unintelligible and instead that she has pled sufficient facts to satisfy the federal notice pleading standard embodied in Rule 8(a).  A more definite statement is not needed to enable the defendant to respond to the allegations in the Second Amended Complaint.

Specifically, Ellis alleges in her pleading when she began working for the EMA and the type of work she did.  She pleads in detail her work schedule, hours worked per week, and regular rate of pay applied to all hours worked.  She describes automatic deduction of a half-hour from her hours for lunch break she can often not take.  She names at least one supervisor to whom she complained, and the reason offered by the County for why she was not paid overtime for her work.  The Court is at a loss to think of what Ellis could further plead that would not exceed the federal notice pleading requirements.  And the Court notes that many of the details the County apparently seeks are likely within its own records such as, for example, which specific weeks Ellis worked more than forty hours, who her supervisors were, and when she complained to them.

In sum, there are enough facts in the Second Amended Complaint to paint a picture of regular overtime payment violations.  It is clear to the Court what Ellis is claiming the EMA did wrong and how it accomplished that wrong.  This is certainly enough information for the County to investigate her allegations and prepare a response.  To the extent the County seeks information

about specific days relevant events occurred, it can flesh out those details in discovery.

### IV.     Conclusion

For the foregoing reasons, the Court **DENIES** the County's motion to dismiss Ellis's Second Amended Complaint pursuant to Rule 12(b)(6) or, in the alternative, for a more definite statement pursuant to Rule 12(e) (Doc. 30).  The Court further **ORDERS** that the County shall have 14 days from entry of this order to answer the Second Amended Complaint.  *See* Fed. R. Civ. P. 12(a)(4)(A).

**IT IS SO ORDERED.**
**DATED:  January 12, 2024**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**